IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MELISSA DEANN AUTHIER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 23-3044-JWL |
| ) | |
| RRM Kansas City, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____) | |

### MEMORANDUM AND ORDER
### AND
### ORDER TRANSFERRING CASE

On February 14, 2023, petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, in which she claimed that she has not received certain credits towards her release date and that she is entitled to immediate release from her present home confinement. On February 15, 2023, the Court ordered petitioner to show cause why the petition should not be dismissed in light of certain deficiencies, including the fact that, although petitioner claimed that she was presently on home confinement, she did not include her present address or the location of her present confinement. The Court noted the following facts:

> She has named as respondent RRM Kansas City, a residential reentry management office located in Kansas City, Kansas, but that office is involved in matters in multiple states. Petitioner refers to having filed a similar motion in her criminal case in the Southern District of Iowa, but a review of that case's docket reveals that she also failed to provide an address in that motion

> as well . . . . As in the case of the motion to the Iowa court, the petition was mailed to this Court from the address of an entity in Massachusetts.

Thus, because the place of petitioner's present place of confinement was unclear, the Court stated that it could not determine whether it may exercise jurisdiction in this matter. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (confirming "the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"); *see also United States v. Gerner*, 2023 WL 1971357, at *1 (E.D. Pa. Jan. 18, 2023) ("a federal prisoner on home confinement is 'confined' in the jurisdiction where the home is located, and must therefore file a § 2241 petition in that jurisdiction") (citing cases) (report and recommendation), *adopted sub. nom. Gerner v. Caravajal*, 2023 WL 1971252 (E.D. Pa. Feb. 10, 2023). The Court instructed petitioner that if she resubmitted her petition, she was required to state her present place of confinement.

On March 15, 2023, petitioner resubmitted her petition on the proper forms and paid the applicable filing fee. In that petition, petitioner identifies the place of her home confinement as an address in Pleasantville, Iowa, which is located within the Southern District of Iowa. Therefore, because petitioner is not presently confined in this district, and pursuant to the authority cited above, this Court lacks jurisdiction to consider her petition.[1]

---

[1] Petitioner cites language in an order by the Southern District of Iowa in her original criminal case, in which that court denied petitioner's request for certain relief. The court indicated that it lacked jurisdiction to consider particular claims because petitioner was confined by the Bureau of Prisons (BOP) in Kansas. In making that statement, the court relied on BOP's inmate locator website, and that site lists petitioner's location as "Kansas City RRM." Moreover, as noted in the Court's prior order, petitioner had not
Continued…

Because petitioner has already submitted her petition twice to this Court and has paid the applicable filing fee, the Court concludes that it is in the interest of justice to transfer this case instead of dismissing it. *See* 28 U.S.C. § 1406(a). Accordingly, the Court orders the Clerk of the Court to transfer this case to the Southern District of Iowa.

IT IS THEREFFORE ORDERED BY THE COURT THAT the Clerk of the Court shall transfer this case to the United States District Court for the Southern District of Iowa.

IT IS SO ORDERED.

Dated this 22nd day of March, 2023, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

included her address in the motion to that court. On that basis, the Iowa court concluded that petitioner was in fact confined in the District of Kansas. Because it is now clear that petitioner is presently confined in the Southern District of Iowa, petitioner must seek any relief under Section 2241 concerning her credits from that court.